UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RON SHIGAURA, ) | |
| ) | |
| Petitioner, ) | No. CV 09-4955-CAS(AJW) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DISTRICT FOR ) | MEMORANDUM AND ORDER DISMISSING |
| THE CENTRAL DISTRICT, ) | PETITION WITHOUT PREJUDICE |
| ) | AND WITH LEAVE TO AMEND |
| ) | |
| Respondent. ) | |

On July 10, 2009, petitioner filed a document entitled "Motion to Grant to Stay and ... to File the Granted New Petition With The New Case Number...." It appears that petitioner intends to file a habeas petition challenging his state court conviction. Liberally construing the document as a habeas petition, it is subject to summary dismissal. Petitioner does not indicate what conviction he seeks to attack, where and when the conviction occurred, whether he has exhausted his state remedies by presenting any claims to the California Supreme Court, and what the factual and legal basis for his claims is.

**This petition is dismissed without prejudice and with leave to amend. The Clerk shall mail petitioner a copy of the form for a**

petition for a writ of habeas corpus by a person in state custody. Petitioner shall have thirty (30) days from the date of this order within which to file an amended petition on the form provided by the Clerk. The amended petition shall bear case number CV 09-4955-CAS(AJW), shall set forth the date and place of the conviction petitioner intends to challenge, and shall clearly set forth any legal or factual grounds for challenging his conviction. See generally, Rule 2(c) of the Rules Governing Section 2254 Cases (providing that a habeas petition must specify the grounds for relief and shall set forth in summary form the facts supporting those grounds). In addition, the amended petition shall name a proper respondent, i.e., the warden of the institution where petitioner is incarcerated. See Rule 2(a) of the Rules Governing Section 2254 Cases; see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (per curiam)("Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.").

Petitioner is cautioned that failure to timely comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated: July 15, 2009

_____
Andrew J. Wistrich
United States Magistrate Judge